IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SUSAN NORMAN,

    Plaintiff,

v.

CELLCO PARTNERSHIP,

    Defendant.

CIVIL ACTION

FILE NO. 2:13-CV-156-WCO-JCF

**PLAINTIFF'S INITIAL DISCLOSURES**

    Plaintiff Susan Norman, by and through its undersigned counsel, provides the following initial disclosures pursuant to Fed. R.Civ.P26 and Local Rule 26.1:

**DISCLOSURE NO. 1:** State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and the succinct statement of the legal issues in the case.

**RESPONSE:** This action is a case of discrimination against Plaintiff's religious beliefs, sex/gender, and age. Defendant allowed the behavior to continue by a store manager in their Ellijay store thereby creating a hostile workplace for plaintiff.

    Plaintiff began working for Verizon Wireless in 2007 as a Customer Service Representative. She transitioned into the position of Sales Representative in September 2010. Plaintiff enjoyed her work and took

the time necessary to make sure her customers were happy with their product(s).

All of Plaintiff's performance evaluations were very positive during her time as a Customer Service Representative. The sales records for Plaintiff's first year in sales indicated that Plaintiff made 124% of her quota for her Renewal Contracts and 117% for her Sales Dollars.

In 2009, Defendant transferred Andrew Dungan to the Ellijay store as Store Manager. Mr. Dungan, as an employee/representative of Defendant, repeatedly subjected Plaintiff to acts of discrimination because of her religious beliefs, her age, and her gender/sex.

Mr. Dungan knew Plaintiff was active in her church and wished to attend worship services on Sunday. While Plaintiff knew her job required that she work two weekends per month, she looked forward to the two Sundays per month she could attend church. Plaintiff also looked forward to attending a Bible study during the week. When Mr. Dungan took over management of the Ellijay Store, he began scheduling Plaintiff to work more than the two required weekends per month. Mr. Dungan also scheduled Plaintiff to work on the days she would normally attend her Bible study group, knowing she attended a Bible study.

After Mr. Dungan began managing the Ellijay store, he allowed very loud "rap" music to be played inside the store. The lyrics of the "rap" music were repulsive and violent. Mr. Dungan allowed the employees to

dance seductively to the music and quite frequently joined them. The employees also spent their idle time watching You Tube videos that were inappropriate for a place of business. Plaintiff's elderly customers complained to her about the music and dancing and Mr. Dungan said that older customers were technically challenged. Mr. Dungan also told Plaintiff that her phone and computer skills needed to be updated and that she and the rest of the elderly customers should get with the twentieth century

Male employees received several written warnings for infractions of the Code of Conduct, but have not been terminated. Many male employees facilitated "off the books" sales of one customer's used device to another customer, but were never terminated.

**DISCLOSURE NO. 2:** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.

**RESPONSE:** Plaintiff will rely on Title VII as well as the Employment Act and any other statutes and case law that apply to discrimination on the basis of religion, sex/gender, and age. Plaintiff intends to show she is entitled to recover damages by relying on established law concerning damages and case law that upholds the same.

**DISCLOSURE NO. 3:**  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:  Please refer to Attachment A.**

**DISCLOSURE NO. 4:**  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**RESPONSE:  There are no expert witnesses at this time, but Plaintiff reserves the right to supplement this response as needed.**

**DISCLOSURE NO. 5:**  Provide a copy of, or a description by category and location of, all documents, data, compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:  Please refer to Attachment C.**

**DISCLOSURE NO. 6:**  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by

category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:  Please refer to Attachment D.**

**DISCLOSURE NO. 7:** Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:  There are none.**

**DISCLOSURE NO. 8:** Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE:  There are none at this time.**

Respectfully submitted this 14th day of February, 2014.

*Signatures follow on next page.*

| LAW OFFICES OF<br>ATKINSON & ASSOCIATES LLC | JAMES L. BASS, P.C. |
|---|---|
| /s/ William R. Atkinson, III<br>William R. Atkinson, III<br>Attorney for Plaintiff<br>Georgia Bar No. 460048<br>P.O. Box 233<br>Ellijay, GA 30540<br>706-276-1327<br>888-317-1630 (fax)<br>northgeorgialaw@gmail.com | /s/James L. Bass<br>James L. Bass<br>Attorney for Plaintiff<br>Georgia Bar No. 041230<br>P.O. Box 609<br>Blue Ridge, GA 30513<br>706-632-3001<br>706-632-8982 (fax)<br>jlbass@ellijay.com |

## ATTACHMENT "A"
## WITNESS LIST

1. Susan Norman
   24 Alpine Way
   Ellijay, GA 30540
   706-889-7971

2. Andrew Dungan
   935 SE Portlandia Ave.
   Hillsboro, OR 97123-4692
   Phone Number is unknown

3. Mark Watson
   191 WA Camp Road
   Ellijay, GA 30540

4. Susan K. Bellis
   678-372-3557

## ATTACHMENT "B"
## EXPERT WITNESS LIST

1. There are none at this time.

# ATTACHMENT "C"
# DOCUMENT LIST AND DESCRIPTIONS

## ALL RECORDS WILL BE REDACTED FOR NAMES AND PERSONAL INFORMATION

1. Any and all documents produced by the parties.

2. Documents identified in Defendant's Initial Disclosures

3. Plaintiff's personnel file.

4. Prior records of employees terminated for violations of the Code of Conduct;

5. Time records of all employees for weekend hours from January 1, 2010 until December 31, 2012;

6. Records of all customer provided equipment activations for the last three (3) years;

7. Records of all warnings for tardiness, verbal and written, given to

any employee of the Ellijay Verizon Store during the last three (3) years and whether any of those warnings resulted in termination;

8. All records and instances of, including date, time, duration, and business purpose reason for, log-ins through the Verizon Net-Ace system for the following phone number belonging to Plaintiff, Susan Norman for the last three (3) years;

9. Copies of any and all emails or other correspondence with anyone regarding Ms. Norman's employment with Verizon Wireless;

10. A complete copy of Ms. Norman's personnel file;

11. Copies of any and all emails sent between Ms. Norman and her superiors in the custody of Defendant's organization;

12. A complete list of all of Ms. Norman's fellow employees during her time of employment with Verizon Wireless;

13. Copies of any and all lawsuits against Verizon Wireless and/or letters in anticipation of litigation concerning sex, age, and religious discrimination and/or wrongful termination against Cellco Partnership;

14. A copy of Verizon Wireless's internal operating procedures including, but not limited to, policies regarding sexual harassment;

15. Copies of any and all complete salary and wage records, payroll records, commission records, and W-2 forms for Ms. Norman for every year of her employment at Verizon Wireless;

16. Redacted copies of any and all salary and commission records for all employees at the East Ellijay, Georgia, locale;

17. Copies of any and all written contracts entered into between Ms. Norman and Verizon Wireless;

18. Documents related to the termination of other employees for violating Plaintiffs' possession of the "Code of Conduct";

19. A complete list of all employees of Verizon Wireless that knew about the reasons behind Ms. Norman's termination/forced resignation including, but not limited to, names, addresses, telephone numbers, email addresses, and the extent of their knowledge;

20. Copies of any and all existing weekly employee work schedules kept by Verizon Wireless; and

21. Copies of any and all records for disciplinary measures taken for any and all employees from January 1, 2010 through December 31, 2012.

## ATTACHMENT "D"
## COPIES AND DESCRIPTIONS TO INITIAL DISCLOSURES

1. Plaintiff is seeking compensatory, punitive damages and attorneys fees pursuant to 42 U.S.C. §§1981a, 1981(a)b and a(b)(1) and 42 USC §1988(b-c) in the amount of $2,000,000.00;

2. Attorney's fees pursuant to O.C.G.A. 13-6-11

## ATTACHMENT "E"
## INSURANCE INFORMATION

1.  There is none at this time.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SUSAN NORMAN,

    Plaintiff,

v.

CIVIL ACTION

FILE NO. 2:13-CV-156-WCO-JCF

CELLCO PARTNERSHIP,

    Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that I have this day, served a true and accurate copy of the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** on Defendant's counsel of record via electronic mail and by depositing the same U.S. Mail, with sufficient postage affixed thereto and properly addressed as follows:

    Jeffrey A. Schwartz, Esq.
    Justin R. Barnes, Esq.
    JACKSON LEWIS P.C.
    1155 Peachtree St., NE, Suite 1000
    Atlanta, GA 30309

This 14th day of February, 2014.

| | |
|---|---|
| **LAW OFFICES OF**<br>**ATKINSON & ASSOCIATES LLC** | **JAMES L. BASS, P.C.** |
| */s/ William R. Atkinson, III*<br>William R. Atkinson, III<br>Attorney for Plaintiff<br>Georgia Bar No. 460048<br>P.O. Box 233<br>Ellijay, GA 30540<br>706-276-1327<br>888-317-1630 (fax)<br>northgeorgialaw@gmail.com | */s/James L. Bass*<br>James L. Bass<br>Attorney for Plaintiff<br>Georgia Bar No. 041230<br>P.O. Box 609<br>Blue Ridge, GA 30513<br>706-632-3001<br>706-632-8982 (fax)<br>jlbass@ellijay.com |